IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**BRITTANY MCHENRY, AS
ADMINISTRATRIX OF THE ESTATE OF
RALPH O'DELL BOWLING,**

    Plaintiff,

vs.

**ACE TRANSPORT MIAMI, LLC a Florida
Limited liability company, ACE GROUP
HOLDINGS CORP., a Florida Corporation,
RODOLFO A. ALVAREZ, and GARCIA
ORTEGA YULIER,**

    Defendants.

**Civil Action No. 2:25-cv-00367
Honorable Judge Irene C. Berger**

**DEFENDANT ACE TRANSPORT MIAMI, LLC'S MEMORANDUM
IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, ACE TRANSPORT MIAMI, LLC ("Ace Transport"), by and through its undersigned counsel, and pursuant to the applicable Federal Rules of Civil Procedure and Local Rule 7.1, hereby files its Memorandum in Support of its Motion to Dismiss Plaintiff, BRITTANY MCHENRY, as Administratrix of the estate of RALPH O'DELL BOWLING's ("Plaintiff"), Complaint and in support thereof states as follows:

### I.    INTRODUCTION

This matter arises out of a motor vehicle accident which unfortunately resulted in the death of Mr. Ralph O'Dell Bowling ("Mr. Bowling"). Plaintiff's Complaint brings forth causes of action against Ace Transport for Vicarious Liability, Negligent Hiring, Entrustment, Training, and Supervision. However, Plaintiff attempts to assign liability under these causes of action to the corporate defendants by advancing only conclusory allegations without factual support that

Defendant, GARCIA ORTEGA YULIER[1] ("Mr. Ortega") was employed by Ace Group and Ace Transport. Plaintiff further fails to allege foundational elements of Plaintiff's negligence causes of action. As such, Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief can be granted against Ace Transport.

## II.  BACKGROUND

In or around February 2025, Ace Transport was looking to purchase an additional box-truck to support its operations in Ohio. Ace Transport ultimately decided to purchase a 2016 Hino Conventional Type Truck bearing VIN 5PVNJ8JV1G4S60728 (the "Box Truck") from Fent Equipment and Truck Sales, LLC ("Fent"). Per Ace Transport and Fent's agreement, the purchase was to be finalized and completed upon delivery of the Box Truck in Ohio. However, in order for the Box Truck to be ready to deploy upon arrival, Ace Transport completed a Bill of Sale[2] for the Truck in order to obtain titling, insurance coverage, and place logos and decals on the Box Truck. Importantly, given the sale was not to be finalized until the Box Truck was delivered to Ace Transport in Ohio, Fent was entirely responsible for the arrangement and delivery of the Box Truck to Ohio. Per Ace Transport and Fent's agreement, Fent selected and hired Mr. Ortega as its independent contractor to complete the delivery of the Box Truck from Florida to Ohio. Once the delivery and purchase of the Box Truck was complete, Ace Transport would then have leased the Box Truck over into the name of Ace Group, as it had done with the other vehicles being used at the Ohio worksite. However, this last step never came to fruition.

---

[1] Mr. Ortega's full name is Yulier Garcia Ortega.
[2] The Bill of Sale was populated and completed by Fent and unfortunately shows a clerical error, identifying the purchasing party as Unico Freightways FL LLC. However, the sale of the Box Truck was between Ace Transport and Fent.

On or about February 26, 2025, Mr. Ortega, on behalf of Fent, was operating the Box Truck in the process of completing its delivery to Ace Transport's work location in Ohio and to complete the sale of the Box Truck. At some point that day, Mr. Ortega and Mr. Bowling were involved in a motor vehicle collision which resulted in the unfortunate passing of Mr. Bowling.

Plaintiff, seeking redress, has now filed this action and alleges that Ace Transport bears liability when there is no actual connection between Ace Transport and Mr. Ortega. Fent was the entity that arranged for the transport of the Box Truck from Florida to Ohio, not Ace Transport. Fent was the entity that hired Mr. Ortega as its independent contractor to transport the Box Truck. Ace Transport never hired, employed, trained, supervised, nor paid Mr. Ortega. Further, pursuant to 49 U.S.C. § 30106, (the "Graves Amendment"), Plaintiff's causes of action plead against Ace Transport fail as Ace Transport was merely the lessor of the Box Truck. As such, Plaintiff's causes of action against Ace Transport fall short of meeting the federal pleading standard for a cause of action upon which relief can be granted, and Ace Transport hereby respectfully requests this Court enter an Order dismissing Plaintiff's Complaint against Ace Transport.

### III.   LEGAL STANDARD

Under Rule 12(b)(6), a defendant may move for dismissal of an action upon the grounds that the complaint does not "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "In ruling on a 12(b)(6) motion to dismiss, a court must accept as true all of the factual allegations contained in the complaint." *See Mullan v. Antero Res. Corp.*, Civil Action No. 1:24-cv-62, 2025 U.S. Dist. LEXIS 41129, at *3 (N.D.W. Va. Mar. 7, 2025) (quotations and citations omitted). However, "a court is not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quotations and citations omitted).

At a minimum, the complaint must include more than a "formulaic recitation of the elements of a cause of action," but enough facts that, when viewed in the light most favorable to the plaintiff, states a claim upon which a court may grant relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV. ARGUMENT AND MEMORANDUM OF LAW

### A. Plaintiff's Conclusory Allegations Devoid of Factual Support Cannot Form the Basis of Plaintiff's Claim for Vicarious Liability.

In West Virginia, the general rule is that "where one person has contracted with a competent person to do work, not in itself unlawful or intrinsically dangerous in character, and who exercises no supervision or control over the work contracted for, such person is not liable for the negligence of such independent contractor or his servants in the performance of the work." *King v. Lens Creek Ltd. Pshp.*, 199 W. Va. 136, 140 (1996). "It is always incumbent upon one who asserts vicarious liability to make a prima facie showing of the existence of the relation of master and servant or principal and agent or employer and employee." *Sanders v. Ga.-Pacific Corp.*, 159 W. Va. 621, 627 (1976).

In order to determine whether there was an employee-employer relationship for the purposes of respondeat superior under West Virginia law, a Plaintiff must allege and demonstrate the following four factors: "(1) Selection and engagement of the servant; (2) Payment of compensation; (3) Power of dismissal; and (4) Power of control." *Gilley v. C.H. Robinson Worldwide, Inc.*, No. 1:18-00536, 2021 U.S. Dist. LEXIS 161786, at *24 (S.D. W. Va. Aug. 26, 2021).

In Count II of the Complaint, Plaintiff brings forth a cause of action against Ace Transport seeking to hold it vicariously liable for Mr. Ortega's alleged negligence. *See* Complaint, a true and correct copy attached hereto as **Exhibit "A."** However, Plaintiff merely advances conclusory statements that Mr. Ortega "was acting as an agent, servant, and/or employee [of] Ace Transport and/or Ace Group" and that Mr. Ortega "was acting within the course and scope of his employment or agency with Ace transport and/or Ace Group." *See* Ex. A, ¶¶ 11, 82. Within the same allegations, Plaintiff is stating that Mr. Ortega was an employee of both Ace Transport and Ace Group and was driving the Box Truck on behalf of both Ace Transport and Ace Group, two separate and distinct entities, at the exact same time. In stark contrast to the conclusory allegations of the Complaint, Mr. Ortega was not ever employed with or hired by Ace Transport. In fact, Ace Transport had no part of Mr. Ortega's selection, never paid Mr. Ortega's compensation, and had no control over Mr. Ortega.

Plaintiff has advanced no factually supported allegations that Ace Transport had anything to do with Mr. Ortega. Other than unsupported conclusory allegations, Plaintiff has failed to support their claims that Mr. Ortega was an employee of Ace Transport. As such, Count II of Plaintiff's Complaint against Ace Transport for vicarious liability must fail as Plaintiff cannot establish that Mr. Ortega was an employee of Ace Transport. *See King*, 199 W. Va. at 140.

**B.     Plaintiff's Count II for Vicarious Liability is expressly prohibited by the Graves Amendment.**

Plaintiff's Count II for vicarious liability against Ace Transport is pre-empted as Ace Transport is the lessor of the Box Truck. West Virginia law imposes no statutory vicarious liability on vehicle owners, and any such theory is preempted by the Graves Amendment. See *Kersey v. Hirano*, 2009 U.S. Dist. LEXIS 60489 (D. Md. 2009); *Bellia v. Buras*, 2009 U.S. Dist. LEXIS 150448 (E.D.N.C. 2009). The Graves Amendment prohibits the imposition of vicarious liability

5

on commercial owner-lessors, such as Ace Transport, where the lessor itself is not negligent or has not engaged in criminal wrongdoing. *See Flagler v. Budget Rent A Car System, Inc.*, 538 F. Supp. 2d 557 (E.D.N.Y. 2008); *Berkan v. Penske Truck Leasing Canada, Inc.*, 535 F. Supp. 2d 341 (W.D.N.Y. 2008). Specifically, the Graves Amendment provides in pertinent part and defines the relevant actors which are protected by the Graves Amendment as follows:

> (a) **In general** - An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of rental or lease, if -
>
> (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
>
> (2) there is no negligence or criminal wrongdoing on the party of the owner (or an affiliate of the owner).
>
> (d) Definitions. - In this Section the following definitions will apply….
>
> (2) Owner - The term "owner" means a person who is -
>
> (A) a record or beneficial owner, holder of title, lessor, or lessee of a motor vehicle;
>
> (B) entitled to use and possession of a motor vehicle subject to a security interest in another person; or
>
> (C) a lessor, lessee, or a bailee of a motor vehicle, in the trade or business of renting or leasing motor vehicles, having the use or possession thereof, under a lease, bailment, or otherwise.
>
> (3) Person. - The term "person" means any individual, corporation, company, limited liability company, trust, association, firm, partnership, society, joint stock company, or any other entity.

49 U.S.C. § 30106(a), (d).

As a preliminary matter, Count II of Plaintiff's Complaint, inclusive of its incorporations, does not allege that Ace Transport engaged in any negligence or criminal wrongdoing. Therefore, 49 U.S.C. § 30106(a)(2), which addresses such a situation, is not at issue.

Plaintiff's Complaint addresses Ace Transport as Owner of the Box Truck while simultaneously addressing Ace Group as Owner of the Box Truck in a fishing expedition to name the appropriate party for its vicarious liability cause of action. Plaintiff must plead its Complaint with specificity and not upon mere conjecture. It is inappropriate to merely allege various vehicle owners, without support for doing so. Moreover, Plaintiff's Complaint fails to further define Ace Transport's nature of ownership as the lessor of the Box Truck, in the business of leasing vehicles, bringing it under the purview of the Graves Amendment as laid out *supra*.

**C.** **Plaintiff has similarly failed to state a claim for Negligent Hiring, Entrustment, Training, and Supervision.**

In Count III of the Complaint, Plaintiff brings forth a "multi-cause" cause of action against Ace Transport for the Negligent Hiring, Entrustment, Training, and Supervision of Mr. Ortega. As outlined above, Plaintiff's claims against Ace Transport have already failed since the Complaint does not offer any factual support for its conclusory allegations that Ace Transport employed Mr. Ortega. Furthermore, Plaintiff fails to allege and support critical elements of each claim, and as such, has failed to state a cause of action upon which relief can be granted.

    *1.    Negligent Hiring*

Under West Virginia law, a Plaintiff seeking to state claim for Negligent Hiring "must allege facts, which, if true, would show that the employer was negligent in selecting and retaining the employee and that such negligence proximately caused harm to the plaintiff." *Cabell v. CMH Homes*, Inc., No. 2:20-cv-00507, 2021 U.S. Dist. LEXIS 223074, at *20 (S.D.W. Va. Nov. 18, 2021); *see also Thomson v. McGinnis*, 195 W. Va. 465, 465 S.E.2d 922, 929 (W. Va. 1995). In other words, "[b]efore a plaintiff can succeed on a claim of negligent hiring of an incompetent independent contractor, **[the plaintiff] must prove not only that the contractor was incompetent and that the employer knew or should have known of that incompetence**, but

7

that the contractor's incompetence was a proximate cause of his injuries." *Gilley*, 2021 U.S. Dist. LEXIS 161786, at *20 (emphasis added).

Primarily, as outlined above, Ace Transport did not hire, nor did Ace Transport employ, Mr. Ortega. However, *assuming arguendo*, that it did, Plaintiff's Complaint is still devoid of any allegations that Ace Transport knew or should have known that Mr. Ortega was incompetent to drive the Box Truck before it hired him. Without any allegations or factual support that Ace Transport knew or should have known of Mr. Ortega's alleged incompetence to drive a Box Truck **before** it allegedly hired him, Plaintiff would not be able to recover on a theory of Negligent Hiring. As such, Plaintiff's cause of action for Negligent Hiring fails to state a cause of action upon which relief can be granted.

    2.    *Negligent Entrustment*

West Virginia Law defines the claim of Negligent Entrustment as "[a]n owner who entrusts his motor vehicle to a person **whom he knows, or from the circumstances is charged with knowing**, to be incompetent or unfit to drive it is liable for injury inflicted which results from the use of the automobile by the driver if the injury was proximately caused by the disqualification, incompetency, inexperience, intoxication or recklessness of the driver." *Edwards v. McElliotts Trucking*, LLC, 268 F. Supp. 3d 867, 882 (S.D.W. Va. 2017) (emphasis added) (quoting *Clark v. Shores*, 201 W. Va. 636, 499 S.E.2d 858, 860 (W. Va. 1997).

Just as with Plaintiff's Negligent Hiring claim, Plaintiff's Complaint is completely devoid of any allegations that Ace Transport knew or should have known that Mr. Ortega was incompetent or unfit to drive the Box Truck **before** it allegedly hired him – it did not. As such, Plaintiff again fails to state a claim upon which relief can be granted and Plaintiff's claim for Negligent Entrustment against Ace Transport must be dismissed.

### 3. Negligent Training and Supervision

Under West Virginia law, "to state a claim for negligent supervision or training, a plaintiff must show that "the [employer] failed to properly supervise [or train its employee] and, as a result, [the employee] proximately caused the [plaintiff's] injury." *Taylor v. Cabell Huntington Hosp., Inc.*, 208 W. Va. 128, 135, 538 S.E.2d 719, 725 (2000).

Outside of Plaintiff's conclusory allegations with no factual support, Plaintiff has not sufficiently pled that Ace Transport had an employer-employee relationship with Mr. Ortega. *See Sanders*, 159 W. Va. at 627 ("[i]t is always incumbent upon one who asserts vicarious liability to make a prima facie showing of the existence of the relation of. . . employer and employee."). Plaintiff's Complaint is entirely devoid of any factual support or allegations connecting Ace Transport to the Box Truck or the alleged hiring/employment of Mr. Ortega. Similarly, Plaintiff has not alleged what duty Ace Transport owed to Plaintiff and how Ace Transport breached that duty given that Ace Transport had no connection to Mr. Ortega. As such, Plaintiff has failed to state a cause of action for Negligent Training and Negligent Supervision upon which relief can be granted.

### V. CONCLUSION

As outlined above, Plaintiff's Complaint lacks any factual support or allegations demonstrating Ace Transport's connection to Mr. Ortega's hiring as an independent contractor. Similarly, the Complaint fails to allege that Ace Transport knew or should have known that Mr. Ortega was unfit or incompetent to drive the Box Truck before it allegedly hired Mr. Ortega. Finally, Plaintiff's Complaint only advances conclusory allegations that Mr. Ortega was an employee of Ace Transport without any factual support for same and ignores Ace Transport's role as lessor at best, and pre-emption of the Graves Amendment. As such, Plaintiff's claims against

Ace Transport for Vicarious Liability, Negligent Hiring, Entrustment, Training, and Supervision must fail as Plaintiff has not stated any claims upon which relief can be granted.

WHEREFORE, Defendant, ACE TRANSPORT MIAMI, LLC, respectfully requests this honorable Court enter an Order dismissing Plaintiff, BRITTANY MCHENRY, as Administratrix of the estate of RALPH O'DELL BOWLING's, Complaint against Ace Transport for failure to state a claim, and for any and all other relief the Court deems just and proper.

DATED August 14, 2025

Respectfully Submitted,

**MATHIS LAW GROUP**

/s/ Jessica A. Cappock, Esq.
**JESSICA A. CAPPOCK, ESQ.**
Florida Bar No.: 1028337
jcappock@mathislawgroup.com
**MICHAEL M. RICOBALDI, ESQ.**
Florida Bar No.: 1018134
mricobaldi@mathislawgroup.com
515 E. Las Olas Blvd., Suite 1301
Ft. Lauderdale, FL 33301
T: 954-616-4404
F: 954-616-4405
*Co-counsel for Ace Transport Miami, LLC, Ace Group Holdings Corp, and Rodolfo A. Alvarez*
*Pro hac vice admission*

**CIPRIANI & WERNER PC**

/s/Robert A. Lockhart, Esq.
ROBERT A. LOCKHART, ESQ.
West Virginia Bar No.: 4657
RLockhart@c-wlaw.com
500 Lee Street, E., Suite 900
Charleston, WV 25301
T: (304) 341-0500

*Co-counsel for Ace Transport Miami, LLC, Ace Group Holdings Corp, and Rodolfo A. Alvarez*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2025, a true and correct copy of the foregoing "Defendant Ace Transport Miami, LLC's Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint" has been furnished by electronic filing with the Clerk of Court via CM/ECF, which will send notice of electronic filing to all counsel of record.

>*/s/ Robert A. Lockhart*
>Robert A. Lockhart, Esquire (WVSB #4657)