IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BRITTANY MCHENRY,
*Administratrix of the Estate
of Ralph O'Dell Bowling*,

                Plaintiff,

v.                                    CIVIL ACTION NO.  2:25-cv-00367

ACE TRANSPORT MIAMI
LLC, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Defendants, Ace Transport Miami, LLC's and Ace Group Holdings Corp.'s, Motion for Extension of Time to Reply to Plaintiff's Memorandum of Law in Opposition to Defendants Ace Transport Miami, LLC's and Ace Group Holdings Corp.'s Motion to Dismiss* (Document 29) and the *Plaintiff's Response to Defendants, Ace Transport Miami, LLC's and Ace Group Holdings Corp.'s Motion for Extension of Time to Reply* (Document 32). For the reasons stated herein, the Court finds that the Defendants' motion should be denied.

On August 28, 2025, Plaintiff's counsel notified Defendants' counsel they were experiencing technical issues with filing responses to the Defendants' various motions to dismiss and would contact the District Clerk for assistance. Plaintiff's counsel attached the proposed responses to that email. The responses were accepted by the e-filing system later that day and added to the docket sheet. The Defendants' *pro hac vice* lead counsel had not yet been added to

the Court's service list and did not receive notice via the CM/ECF system that the Plaintiff's responses were docketed. The Defendants state they were thus unaware that the time to respond had begun.

The Defendants had until September 4, 2025, to file a reply memorandum. No such memorandum was filed. The Defendants indicate they requested that Plaintiff's counsel agree to a brief extension and move the reply deadline to September 8, 2025. Plaintiff's counsel declined and the Defendants now seek relief from the Court. The Defendants argue their motion for extension is made in good faith and not for the purpose of delay. They further state that neither party will be prejudiced by the extension because Rule 12(b) reply briefs may have been filed up to September 24, 2025, based on the *Order and Notice* (Document 16).

In response, the Plaintiff argues that local counsel timely received the response memoranda through the electronic CM/ECF system, which constituted effective service. Regardless, the Plaintiff states that courtesy copies of the memoranda were provided to both the Defendants' local counsel and *pro hac vice* counsel via email that same day. As such, the Plaintiff argues that the Defendants' motion establishes neither good cause nor excusable neglect. The Plaintiff maintains that the reason for the delay was firmly within the Defendants' control.

The Court finds that the Defendants have not demonstrated good cause to extend the deadline to file reply memoranda. The Defendants' lead counsel and local counsel were both notified via email about the technical difficulties Plaintiff's counsel was experiencing and were provided electronic copies. Thus, the Defendants here were put on notice that a response was forthcoming and actually received the specific document that was to be filed once the technical issues were resolved. Inadvertently being excluded from the Court's service list and missing an

additional email notification, particularly when such notification was already provided by Plaintiff's counsel, does not constitute good cause for an extension.

Further, the Defendants have not shown that their failure to meet the reply memoranda deadline was the result of excusable neglect. Federal Rule of Civil Procedure 6(b)(1)(B) provides that a court may "for good cause, extend the time . . . on a motion made after the time has expired if the party failed to act because of excusable neglect." The Supreme Court has established the following factors for consideration in determining whether a moving party has established excusable neglect: (1) "the danger of prejudice [the non-moving party]," (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was in the reasonable control of the movant," and (4) "whether the movant acted in good faith." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). While the length of the Defendants' delay is short and the prejudice faced by the Plaintiff is limited, the reason for the delay is clearly within the Defendants' control. The Defendants' counsel is responsible for properly establishing themselves as *pro hac vice* counsel to be notified of new filings on the docket. Further, the Defendants were in receipt of the Plaintiff's response and their local counsel received an CM/ECF email with the Plaintiff's response. It is difficult to imagine a situation more obviously within the control of the movant than this instance. Thus, the motion must be denied.

WHEREFORE, after thorough and careful review, the Court **ORDERS** that *Defendants, Ace Transport Miami, LLC's and Ace Group Holdings Corp.'s, Motion for Extension of Time to Reply to Plaintiff's Memorandum of Law in Opposition to Defendants Ace Transport Miami, LLC's and Ace Group Holdings Corp.'s Motion to Dismiss* (Document 29) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: September 26, 2025

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA