**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

BRITTANY MCHENRY,
*Administratrix of the Estate*
*of Ralph O'Dell Bowling*,

                    Plaintiff,

v.                                   CIVIL ACTION NO.   2:25-cv-00367

ACE TRANSPORT MIAMI
LLC, et al.,

                    Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiff's *First Amended Complaint* (Document 52), *Defendant Ace Group Holdings Corp.'s Motion to Dismiss Plaintiff's First Amended Complaint* (Document 59), *Defendant Ace Group Holdings Corp.'s Memorandum in Support of Its Motion to Dismiss Plaintiff's First Amended Complaint* (Document 60), *Defendant Ace Transport Miami, LLC's Motion to Dismiss Plaintiff's First Amended Complaint* (Document 61), *Defendant Ace Transport Miami, LLC''s Memorandum in support of Its Motion to Dismiss Plaintiff's First Amended Complaint* (Document 62), the *Plaintiff's Response in Opposition to Defendants Ace Transport Miami, LLC's and Ace Group Holdings Corp.'s Motions to Dismiss Plaintiff's First Amended Complaint* (Document 68), *Defendant Ace Group's Reply to Plaintiff's Response in Opposition to Ace Transport Miami, LLC's and Ace Group Holdings Corp.'s Motions to Dismiss Plaintiff's First Amended Complaint* (Document 74), and *Defendant Ace Transport's Reply to*

*Plaintiff's Response in Opposition to Ace Transport Miami, LLC's and Ace Group Holdings Corp.'s Motion to Dismiss Plaintiff's First Amended Complaint* (Document 75), as well as the attached exhibits. In addition, the Court has reviewed *Defendant Ace Transport Miami, LLC and Ace Group Holdings Corp.'s Motion for Leave to Amend Their Respective Motions to Dismiss Plaintiff's First Amended Complaint* (Document 89) and the *Plaintiff's Response in Opposition to the Ace Defendants' Motion for Leave to Amend Their Respective Motions to Dismiss Plaintiff's First Amended Complaint* (Document 98).

The Court has also reviewed *Defendant Rodolfo A. Alvarez's Motion to Dismiss Plaintiff's First Amended Complaint* (Document 63), *Defendant Rodolfo A. Alvarez's Memorandum in Support of His Motion to Dismiss Plaintiff's First Amended Complaint* (Document 64), the *Plaintiff's Response in Opposition to Defendant Rodolfo A. Alvarez's Motion to Dismiss Plaintiff's First Amended Complaint* (Document 67), and *Defendant Rodolfo A. Alvarez's Reply to Plaintiff's Response in Opposition to Rodolfo A. Alvarez's Motion to Dismiss Plaintiff's First Amended Complaint* (Document 76).

## FACTUAL ALLEGATIONS

The Plaintiff, Brittany McHenry, as Administratrix of the Estate of Ralph O'Dell Bowling, initiated this action with a complaint filed on May 28, 2025. The operative *First Amended Complaint* (Document 52) was filed on December 19, 2025. The named Defendants are Ace Transport Miami, LLC, Ace Group Holdings Corp., Rodolfo A. Alvarez, Yulier Garcia Ortego, and Fent Equipment & Truck Sales LLC.

Mr. Bowling was driving a pickup truck with a trailer hauling a horse on Interstate 77 near Ravenswood, West Virginia on February 26, 2025. He was grievously injured and ultimately

2

died following a collision with a commercial truck driven by Mr. Ortega. The truck had a large "ACE Solutions" logo. Mr. Ortego was transporting the truck from Miami, Florida to New Albany, Ohio, an 1,100-mile trip. He failed to negotiate a curve, left the northbound lanes of I-77, crossed the median and a cable barrier, and entered the southbound lanes, where the truck he was driving struck Mr. Bowling's vehicle head on. Mr. Bowling was trapped in his vehicle for approximately 30 minutes, then extracted and flown to the hospital, where he was pronounced dead.

Mr. Ortega had a Class E Temporary Driver's License issued by the state of Florida at the time of the accident. He did not speak or understand English and was unable to communicate with law enforcement following the collision. The Jackson County Sheriff's Office found that Mr. Ortega caused the crash because he failed to maintain control of the truck. During the investigation, Mr. Alvarez identified himself as the owner of Ace Group and referred to Ace Transport as his company. He indicated that Mr. Ortega was driving the truck from Florida to Ace Transport's New Albany, Ohio location with cargo, but that Ace Transport and/or Ace Group did not yet own the truck. However, the State of Florida issued a certificate of title, vehicle registration, and Florida license plate for the truck on or about February 21, 2025, and the truck was added to Ace Transport's auto liability policy around the same time.

Ace Transport, Ace Group, and Mr. Alvarez failed to qualify Mr. Ortega, administer a road test, or otherwise ensure that he was capable of safely driving the truck before entrusting the truck to Mr. Ortega to drive from Miami, Florida to New Albany, Ohio. They also did not ensure Mr. Ortega adhered to the hours of service requirements and limitations or require him to maintain logs documenting his hours of service.

3

The Plaintiff brings the following causes of action: Count One - Negligence and Prima Facie Negligence of Yulier Garcia Ortega; Count Two – Ace Transport's and/or Ace Group's Liability for the Negligence of Ortega (asserting vicarious liability); Count Three - Ace Transport's, Ace Group's and Alvarez's Conduct (Negligent Entrustment, Hiring, Training, and Supervision); Count Four – Fent's Liability for the Negligence of Ortega (vicarious liability if, as the Ace Defendants contend, the truck belonged to Fent and Mr. Ortega was acting as Fent's agent, servant, or employee at the time of the crash), and Count Five – Fent's Conduct (negligent entrustment, hiring, training, and supervision).

## STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further

4

factual enhancements." *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal,* 556 U.S. at 679. Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570). A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

## DISCUSSION

Ace Group and Ace Transport each contend that they did not employ Mr. Ortega and that the Plaintiff's conclusory allegations to the contrary are insufficient to state a claim. They emphasize that they are separate entities, and both contend that they did not employ Mr. Ortega or control his actions and had nothing to do with the truck at issue. They further contend that even if the Plaintiff sufficiently alleged an employment relationship, she did not allege sufficient facts to state a claim for negligent hiring, entrustment, training, or supervision. Ace Transport[1] argues that it was the lessor of the truck, and the Graves Amendment bars vicarious liability when the lessor was not itself negligent. Mr. Alvarez argues that the claims against him constitute an attempt to pierce the corporate veil, and the Plaintiff did not set forth sufficient facts to permit piercing the corporate veil under Florida law. Like the Ace Defendants, Mr. Alvarez also contends that the Plaintiff has not sufficiently alleged facts supporting the elements of negligent hiring, entrustment, training, and supervision.

The Plaintiff contends that the First Amended Complaint contains sufficient allegations to meet the plausibility standard as to all claims, and the Defendants' arguments are based on factual disputes. She points to her allegations that Ace Group acquired the truck prior to the accident, that Ace Group, Ace Transport and Mr. Alvarez obtained a certificate of title, vehicle registration, a license plate, and added the truck to Ace Transports' insurance policy prior to the accident, and that the Defendants all failed to comply with federal safety regulations. The Plaintiff argues that the Graves Amendment is not applicable because Ace Transport (or Ace Group) was an interstate

---

1 In the amendment to the motion to dismiss, Ace Group, rather than Ace Transport, asserts that it was the lessor of the truck and invokes the Graves Amendment.

motor carrier, not engaged in the business of leasing or renting vehicles.   As to Mr. Alvarez, the Plaintiff states that the claims against him are based on his independent tortious acts, rather than a contention that the corporate veil may be pierced to attach liability.

### A. Vicarious Liability

An employer may be liable for the torts of an employee acting within the scope of employment.   Syl. Pt. 7, *Roof Serv. of Bridgeport, Inc. v. Trent*, 854 S.E.2d 302, 306 (W. Va. 2020).   To state a claim to hold an employer vicariously liable for an employee or agent's negligence, a plaintiff must assert the existence of a master-servant relationship.   The West Virginia Supreme Court has adopted a four-factor test for determining "whether a master-servant relationship exits for purposes of the doctrine of *respondeat superior*: (1) Selection and engagement of the servant; (2) Payment of compensation; (3) Power of dismissal; and (4) Power of control."   *Id.* at Syl. Pt. 10.   "The first three factors are not essential to the existence of the relationship; the fourth, the power of control, is determinative."   *Id.*

There is no dispute that the Plaintiff has adequately alleged that Mr. Bowling was killed as a result of Mr. Ortega's negligent operation of the truck.   The Plaintiff also alleges that Mr. Ortega was acting as an agent, servant, and/or employee of Ace Transport, Ace Group, and/or Fent.   She alleges that Mr. Ortega was acting within the scope of employment to further the business interests of Ace Transport and/or Ace Group.   She alleges that Ace Group acquired the truck prior to the accident, that Mr. Alvarez reported that the truck was transporting cargo to Ace Transport's New Albany, Ohio location, and that the Ace Truck had been added to Ace Transport's auto liability policy prior to the accident.   She alleges that Ace Transport, Ace Group, and Mr. Alvarez

entrusted operation of the truck to Mr. Ortega.   The Court finds those allegations sufficient to state a claim for vicarious liability for Ace Transport and Ace Group.

The Defendants characterize the Plaintiff's allegations as unsupported and conclusory.   At the pleading stage, a Plaintiff must present factual allegations, accepted as true, to state a plausible claim for relief.   The Plaintiff's allegation that Mr. Ortega was an agent or employee of Ace Transport and Ace Group, acting within the scope of employment, is a factual allegation sufficient to make her vicarious liability claims against Ace Transport and Ace Group plausible.   The additional factual allegations regarding Ace Group and Ace Transport's interest in the truck driven by Mr. Ortega, accepted as true, further support the inference that Ace Transport and Ace Group were in control of Mr. Ortega's role as driver.   The Defendants argue that the Plaintiff failed to plead facts related to the four-factor test for determining the existence of an employment relationship.   The four-factor test is used at the summary judgment or trial stage to evaluate evidence but does not contain elements of a cause of action that must be pled in a complaint.   The Plaintiff's factual allegations must be accepted as true and need not be accompanied by evidentiary support.   The Defendants' assertions that they had nothing to do with the truck and did not employ Mr. Ortega are factual arguments inappropriate at this stage.   Likewise, the argument regarding the Graves Amendment's protections for lessors of vehicles is unavailing because the Court considers only the facts alleged in the amended complaint, and the amended complaint contains no factual assertions that either entity is a lessor of the truck.   Therefore, the Court finds that the motions to dismiss must be denied as to Count Two.

*B. Negligent Entrustment, Hiring, Training, and Supervision*

In West Virginia, a vehicle owner may be liable for the "negligence of an incompetent driver to whom an automobile is entrusted" where the owner knew or should have known of the driver's "incompetency, inexperience, or recklessness." Syl. Pt. 4, *Clark v. Shores*, 499 S.E.2d 858, 859 (W. Va. 1997). "An owner who entrusts his motor vehicle to a person whom he knows, or from the circumstances is charged with knowing, to be incompetent or unfit to drive it is liable for injury inflicted which results from the use of the automobile by the driver if the injury was proximately caused by the disqualification, incompetency, inexperience, intoxication or recklessness of the driver." *Id.* at Syl. Pt. 5. To prevail on a negligent hiring or retention claim, the Plaintiff must establish that the employer failed "to conduct a reasonable investigation into the employee's background vis a vis the job ... and the possible risk of harm." *State ex rel. W. Virginia State Police v. Taylor*, 499 S.E.2d 283, 289 n.7 (W. Va. 1997); *see also McCormick v. W. Virginia Dept. of Pub. Safety*, 503 S.E.2d 502, 506 n.5 (W. Va. 1998). Otherwise stated, the question is: "should the employer have reasonably foreseen the risk caused by hiring or retaining an unfit person?" *Id.* "A claim for negligent supervision in West Virginia requires proof of the traditional elements of negligence – duty, breach, causation, and damages – supplemented by the additional necessity of demonstrating a tortious act or omission by the employee whose conduct forms the basis of the claim." Syl. Pt. 2, *Camden-Clark Mem'l Hosp. Corp. v. Marietta Area Healthcare, Inc.*, 922 S.E.2d 324 (W. Va. 2025). "If an employer has a duty to supervise an employee, and the employer negligently fails in that duty, then the employer may be liable for the ensuing damage regardless of whether the employee's tortious conduct is negligent, reckless, or intentional." *Id*. at Syl. Pt. 3.

The Plaintiff alleges that Ace Transport, Ace Group, and Mr. Alvarez failed to properly train and supervise Mr. Ortega and did not ensure that his operation of the truck complied with applicable laws and regulations. She asserts that they did not administer a road test or otherwise ensure that Mr. Ortega was capable of safely operating the truck. She alleges that Mr. Ortega's inability to speak or understand English, in violation of regulations for commercial drivers, hampered the investigation after the accident. She further alleges that the Defendants did not require Mr. Ortega to comply with hours-of-service limitations or log his hours of service, which contributed to the accident. In short, the Plaintiff alleges that the Defendants entrusted a commercial truck to an unqualified driver, without any effort to ensure he could safely drive the vehicle and sent him on a 17-hour drive without instructing him to take proper breaks or verifying that he did so. The Court finds these allegations, combined with the allegations that Mr. Ortega's negligence caused the accident, to be sufficient to state a claim for negligent entrustment, supervision, hiring, and training. Because the allegations regarding Mr. Alvarez are based on his direct conduct and his own duty of care, the Court finds it unnecessary to address his arguments regarding piercing the corporate veil. The motions to dismiss as to Count Three must be denied.

## AMENDMENT

Defendants Ace Transport and Ace Group seek leave to amend their motions to dismiss, asserting that during the course of discovery, counsel learned that the motions "were submitted through the wrong entities" and "Ace Group should take the place of Ace Transport" in the respective motions to dismiss. (Mot. to Amend at 2.) The Plaintiff opposes the amendment, arguing that it is not permitted under the rules, that it asserts factual arguments not properly considered at this stage,

10

and that the proposed amendment to the factual arguments is contrary to evidence produced in discovery.

The amendment impacts factual assertions that the Court has found cannot properly be considered at this stage.   Which version of the motions to dismiss is considered has no impact on the Court's reasoning or holding that the motions to dismiss should be denied.   Because the amendments appear to be an effort to correct potentially inaccurate representations, the Court permits the amended motions to be filed.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that *Defendant Ace Transport Miami, LLC and Ace Group Holdings Corp.'s Motion for Leave to Amend Their Respective Motions to Dismiss Plaintiff's First Amended Complaint* (Document 89) be **GRANTED** and that the attached amended motions and memoranda be **FILED**.   The Court further **ORDERS** that *Defendant Ace Group Holdings Corp.'s Motion to Dismiss Plaintiff's First Amended Complaint* (Document 59), *Defendant Ace Group Holdings Corp.'s Amended Motion to Dismiss Plaintiff's First Amended Complaint* (Document 89-3), *Defendant Ace Transport Miami, LLC's Motion to Dismiss Plaintiff's First Amended Complaint* (Document 61), *Defendant Ace Transport Miami, LLC''s Amended Motion to Dismiss Plaintiff's First Amended Complaint* (Document 89-1), and *Defendant Rodolfo A. Alvarez's Motion to Dismiss Plaintiff's First Amended Complaint* (Document 63) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:    March 24, 2026

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

12