**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

BRITTANY MCHENRY,
*Administratrix of the Estate*
*of Ralph O'Dell Bowling*,

Plaintiff,

v. CIVIL ACTION NO. 2:25-cv-00367

ACE TRANSPORT MIAMI
LLC, et al.,

Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Defendant Fent Equipment & Truck Sales, LLC's Motion to Dismiss Crossclaim* (Document 112), *Defendant Fent Equipment & Truck Sales, LLC's Memorandum of Law in Support of Its Motion to Dismiss Crossclaim* (Document 113), *Defendants/Crossclaim Plaintiffs Ace Transport Miami, LLC and Ace Group Holdings, Corp.'s Response and Memorandum of Law in Opposition to Defendant/Crossclaim Defendant, Fent Equipment & Truck Sales, LLC's Motion to Dismiss Crossclaim* (Document 127), and *Defendant Fent Equipment & Truck Sales, LLC's Reply Memorandum of Law in Support of Its Motion to Dismiss Crossclaim* (Document 128), as well as *Defendants/Crossclaim Plaintiffs, Ace Transport Miami, LLC, and Ace Group Holdings, Corp.'s Crossclaim Against Defendant/Crossclaim Defendant Fent Equipment Sales, LLC* (Document 65) and all exhibits. For the reasons stated herein, the Court finds that the motion to dismiss should be granted in part and denied in part.

## FACTUAL ALLEGATIONS

In the underlying *First Amended Complaint* (Document 52) filed in this matter, Plaintiff Brittany McHenry, as Administratrix of the Estate of Ralph O'Dell Bowling, alleges that Mr. Bowling was killed as a result of a collision with a commercial truck driven by Defendant Yulier Garcia Ortego. In addition to Mr. Ortego, the Plaintiff names as Defendants Ace Transport Miami, LLC, Ace Group Holdings, Corp, (collectively, Ace), Rodolfo Alvaraz, owner of Ace, and Fent Equipment & Truck Sales LLC. The Crossclaim involves which party owned the commercial truck at the time of the accident and which party employed or contracted with Mr. Ortego.

Ace Transport entered into an agreement to purchase the truck at issue from Fent in February 2025. Fent prepared a Bill of Sale, which Ace executed, but the parties agreed that the sale would be completed upon delivery of the truck to Ace Transport's work location in Ohio. The Bill of Sale, attached to the Crossclaim, is dated February 18, 2025. The Bill of Sale was executed earlier "solely for administrative and preparatory purposes," and Fent was responsible for arranging transport of the truck from Florida to Ohio. (Crossclaim Compl. at ¶ 13.) Ace also affixed its logos and decals onto the truck so that it could be placed into service after delivery. Following the accident on February 26, 2025, the box truck was rendered inoperable, delivery was never completed, and the sale was not consummated.

Ace brings the following causes of action against Fent: Breach of Contract; Breach of Implied in Fact Contract; and Declaratory Judgment.

## STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements." *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal,* 556 U.S. at 679. Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or

arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570). A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

**DISCUSSION**

Fent argues that Florida law governs the claims asserted in the Crossclaim. It contends that the Bill of Sale reflects a completed transaction, contradicting Ace's assertion that Fent was responsible for transport of the truck and that the sale would be finalized only after delivery. Fent notes that the Bill of Sale indicates no unpaid balance remaining. In addition, Fent relies on allegations within the first amended complaint in the underlying case, alleging that Ace had acquired possession of the truck, loaded it with cargo, affixed logos on the truck, and obtained title, registration, a license plate, and insurance for the truck. Fent further argues that an implied

contract claim is not available where an express contract, here the Bill of Sale, exists. Finally, Fent contends that the declaratory judgment claim is improper because it is duplicative of the breach of contract claims and will be resolved in the underlying case, where factual issues of ownership, control, and vicarious liability for the vehicle and driver will be determined.

Ace argues that the motion to dismiss rests on disputed factual issues that cannot be resolved at the pleading stage. They contend that the choice of law issue should be deferred until completion of discovery, although they base their response on Florida law, as argued by Fent. Ace argues that the $0.00 unpaid balance shown on the Bill of Sale is consistent with the allegation that payment was not due until delivery. Ace further contends that it has adequately alleged that delivery of the truck to Ohio was a condition precedent to completion of the sale. They argue that the Federal Rules of Civil Procedure permit pleading in the alternative, and the breach of an implied-in-fact contract claim should be permitted to proceed. They emphasize that the crossclaim alleges that the Bill of Sale was not the complete contract or agreement between the parties, and that allegation governs at this stage. Finally, Ace argues that the declaratory judgment claim is justiciable and non-duplicative. They contend that the breach of contract claim is related, but the declaratory judgment claim provides relief unavailable in the breach of contract claim. They argue that "whether Fent retained ownership and control of the Box Truck at the time of the accident presents a disputed factual issue inappropriate for resolution at the pleading stage." (Resp. at 9.)

While the crossclaim complaint does not detail where the parties entered into the alleged contract, Ace and Fent are both Florida companies, and the Court will follow the parties' lead in presuming, at this stage, that Florida law is applicable.

Under Florida law, "[a] cause of action for breach of contract has three elements: (1) a valid contract, (2) a material breach, and (3) damages." *Havens v. Coast Fla., P.A.*, 117 So. 3d 1179, 1181 (Fla. Dist. Ct. App. 2013). The Ace Crossclaim alleges that the parties entered into an agreement that Ace would purchase a box truck from Fent, with Fent responsible for delivering the truck from Florida to Ohio before the sale would be finalized. Ace alleges that Fent breached the contract because an accident, allegedly caused by a driver selected by Fent, prevented delivery of the truck. Ace alleges damages including the loss of the benefit of the bargain, expenses incurred in preparing the box truck for use, operational losses due to not receiving the vehicle, and exposure to the litigation and claims in the underlying action. The Court finds those allegations sufficient to state a claim. The construction of the Bill of Sale as the expression of all terms of the contract between the parties contradicts the allegations of the crossclaim, which must be accepted as true at this stage, to the extent they are plausible. Therefore, the motion to dismiss as to the breach of contract claim should be denied.

An implied-in-fact contract, under Florida law, is simply a contract in which the parties' assent is inferred based on the parties' conduct, rather than "manifested through written or spoken words." *Baron v. Osman*, 39 So. 3d 449, 451 (Fla. Dist. Ct. App. 2010). "While the law will not recognize an implied-in-fact contract where an express contract exists, a contract may be inferred where an express contract fails for lack of proof." *Id.* Thus, although presented as a separate claim, the breach of an implied-in-fact contract claim essentially offers another method by which Ace may seek to prove the existence of a contract with Fent. The crossclaim alleges that Ace and Fent formed an implied-in-fact contract governing the sale and delivery of the Box Truck through "their words, actions, course of dealing, and industry customs." (Crossclaim Compl. at ¶ 35.)

The Court finds that the Crossclaim contains sufficient factual allegations to proceed with the claim for breach of an implied-in-fact contract.

With respect to the final claim, the federal Declaratory Judgment Act provides:

> In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. 2201(a). The three requirements for a federal court to consider a declaratory judgment action are: "(1) the complaint alleges an actual controversy between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgment; (2) the court possesses an independent basis for jurisdiction…; and (3) the court does not abuse its discretion in its exercise of jurisdiction." *Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 592 (4th Cir. 2004). "We have held that a district court must have good reason for declining to exercise its declaratory judgment jurisdiction." *Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 594 (4th Cir. 2004) (noting that district courts have broad latitude in determining whether to exercise jurisdiction over declaratory judgment actions). Where a declaratory judgment claim in a crossclaim is "almost entirely duplicative of the relief being sought in the underlying…action," with the same core question to be answered, courts may find that no useful purpose would be served by exercising jurisdiction over the declaratory judgment claim. *White Marlin Open, Inc. v. Heasley*, No. CV RDB-16-3105, 2017 WL 467733, at *7 (D. Md. Feb. 3, 2017); *see also Metra Indus., Inc. v. Rivanna Water & Sewer Auth.*, No. 3:12CV00049, 2014 WL 652253, at *2 (W.D. Va. Feb. 19, 2014) (collecting cases proposing that a declaratory

judgment that seeks to adjudicate an existing breach of contract claim is duplicative or redundant and subject to dismissal).

Florida law also permits actions for declaratory judgment. "To be entitled to a declaratory judgment, one must demonstrate that (1) a good-faith dispute exists between the parties; (2) one presently has a justiciable question concerning the existence or non-existence of a right or status, or some fact on which such right or status may depend; (3) one is in doubt regarding one's right or status, and (4) a bona-fide, actual, present, and practical need for the declaration exists." *People's Tr. Ins. Co. v. Alonzo-Pombo*, 307 So. 3d 840, 843 (Fla. Dist. Ct. App. 2020) (quoting *Rhea v. Dist. Bd. of Trs. of Santa Fe Coll.*, 109 So. 3d 851, 859 (Fla. 1st DCA 2013).

Ace seeks a declaration that "(a) ownership, possession and control of the vehicle remained with Fent at the time of the accident; (b) Crossclaim Plaintiffs are not vicariously liable for the acts or omissions of the driver, Yulier Garcia Ortega; and (c) Fent is obligated to defend and indemnify Crossclaim Plaintiffs for all claims, damages, costs, and fees arising from the accident." (Crossclaim Compl. at ¶ 49.) In response to the motion to dismiss, Ace agrees to limit the declarations sought to those in sub-parts (a) and (b), eliminating the request for a declaration as to indemnification.

The Court finds that exercising jurisdiction over the declaratory judgment action would not be appropriate in these circumstances. Which entity owned, possessed, and controlled the vehicle is central to both the underlying amended complaint and the breach of contract claim herein, and is not a matter on which the Court can declare the rights of the parties. *See Arch Ins. Co. v. A3 Dev., LLC*, No. 23-CV-23524, 2025 WL 1504176, at *6 (S.D. Fla. May 27, 2025) (explaining that dismissal of a declaratory judgment action is appropriate where the claim requires resolution of

factual rather than legal issues). There is not a written contract to review or a statute to interpret; Ace alleges that there is an agreement beyond the terms outlined in the Bill of Sale and/or that the conduct of the parties established a contract. Ace's potential liability for the acts and omissions of the driver of the truck is at issue in the amended complaint and cannot be adjudicated in a declaratory judgment action in a crossclaim that does not include the underlying Plaintiff as a party. Therefore, the Court finds that the declaratory judgment action, styled Count V in the crossclaim, should be dismissed.

Finally, the Court observes that the filings in this case suggest a potential lack of candor or deliberate submission of false factual claims. Ace alleges a contract that Fent contends never existed. Both parties know what communications occurred and what documents were signed. Whether those transactions or communications amount to a contract may be subject to legitimate dispute, but some factual assertions are directly inconsistent on matters that should be known to both parties. For example, Fent argues that the Bill of Sale reflects a completed transaction, with "no unpaid balance remaining." (Crossclaim Def.'s Mem. at 9.) Ace argues that the $0.00 unpaid balance in the Bill of Sale is "consistent with a payment-on-delivery arrangement." (Crossclaim Pls.' Resp. at 5.) The parties to this transaction know whether payment had occurred prior to the accident. Likewise, Fent notes that Mr. Ortega, the driver of the truck and a defendant in the underlying matter, filed an Answer in which he asserted that Mr. Alvarez, who is affiliated with Ace, was to pay him for driving the truck. (Crossclaim Def.'s Mem. at 4.) Ace alleges herein that Fent was responsible for hiring Mr. Ortega. Both parties know who hired Mr. Ortega to drive the truck. Resolving factual disputes is, of course, not appropriate at this stage of proceedings, and the Court has found the breach of contract claim to be adequately pled under

Rule 8, accepting the Crossclaim Plaintiffs' allegations as true. However, the Court finds it prudent to admonish Counsel for all parties to ensure that all representations comply with the strictures of Federal Rule of Civil Procedure 11.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that *Defendant Fent Equipment & Truck Sales, LLC's Motion to Dismiss Crossclaim* (Document 112) be **DENIED** as to the breach of contract and breach of implied-in-fact contract claims, styled Counts I and IV, and **GRANTED** as to the declaratory judgment claim, styled Count V.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: September 3, 2026

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA